IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EFFIE MADLOCK, for D.B., a minor, | ) ) ) | |
| Plaintiff, | ) ) | No. 22 C 913 |
| v. | ) ) | Magistrate Judge Maria Valdez |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff D.B.'s[1] claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary remand [Doc. No. 15] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is granted.

---

[1] D.B. is a minor and his mother, Effie Madlock, is the named plaintiff in this case. For the sake of simplicity and clarity, the Court will refer to D.B. as the Plaintiff herein.

## BACKGROUND

### I. PROCEDURAL HISTORY

On August 1, 2019, a claim for SSI was filed on behalf of Plaintiff, a minor, alleging disability since January 1, 2007 due to cognitive and intellectual disabilities. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on February 23, 2021, and all participants attended the hearing by telephone. Plaintiff is represented by counsel and Plaintiff and his mother appeared at the hearing. At the hearing, Plaintiff amended his alleged onset date to the application date.

On June 4, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the three-step sequential evaluation process established under the Social Security Act for benefits claims filed on behalf of minors. *See* 20 C.F.R. § 416.924(a). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of August 1, 2019. The ALJ concluded at step two that Plaintiff had severe impairments of intellectual disorder and learning disorder. At step three, the ALJ

2

first determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then found that Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listed impairments. Accordingly, the ALJ concluded that Plaintiff has not been disabled under the Social Security Act since the date the application was filed.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a child is disabled if that child is not engaged in substantial gainful activity and has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Whether a child meets this definition requires a three-step analysis. 20 C.F.R. § 416.924(a). First, if the child is engaged in substantial gainful activity, the SSA will deny the claim. *Id.* Second, if the child does not have a severe medical impairment or combination of impairments, then he is not disabled and his claim will be denied. *Id.* Third, the child's impairments must meet a duration requirement and must meet, medically equal, or functionally equal the severity of any of the Listings of Impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

3

As is pertinent in this case, to determine if an impairment is functionally equivalent to a listing, an ALJ analyzes the severity of the impairments in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To functionally equal a listing, the child's impairment or combination of impairments must cause a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain of functioning. 20 C.F.R. § 416.926a(a). A "marked" limitation is one that "interferes seriously with [a child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation is one that "interferes very seriously with [a child's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(3).

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of a decision "denying SSI benefits to a child claimant is limited to determining whether the ALJ applied the correct legal standards in reaching his or her decision, and whether there is substantial evidence to support the relevant findings." *Ferguson ex rel. A.F. v. Astrue*, No. 11 C 2248, 2013 WL 788089, at *11 (N.D. Ill. Mar. 1, 2013) (citing *Schoenfeld v. Apfel*, 237 F.3d 788, 792 (7th Cir. 2001)). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to

5

a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872(7th Cir. 2000). The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that "[t]he ALJ's decision is not supported by substantial evidence and defies meaningful review because the ALJ failed to consider or explain how she weighed evidence relevant to the severity of [Plaintiff's] functioning." (Pl.'s Memo. at 6.) Plaintiff's arguments essentially boil down to an assertion that the ALJ erred because she did not "mention, discuss, or weigh the extent of support [Plaintiff] requires to achieve his marginal academic and social improvement." (*Id.* at 7.) The ALJ found that Plaintiff only has "marked" limitations in the domain of

6

Acquiring and Using Information and no limitations in any of the other functional domains. (R. 29.) According to Plaintiff, "[t]he ALJ's finding of only 'marked' limitations in the domain of Acquiring and Using Information is undermined by her failure to consider" evidence concerning the help Plaintiff receives. (Pl.'s Memo. at 9.) The Court finds Plaintiff's contention in that regard to be unavailing.

Pertinent to Plaintiff's argument, it is true that "[t]he more help or support of any kind that a child receives beyond what would be expected for children of the same age without impairments, the less independently the child functions, and the more severe [the SSA] will find the limitation to be." *Sacacco ex rel. T.H. v. Berryhill*, No. 15 C 6208, 2017 WL 6039916, at *6 (N.D. Ill. Dec. 6, 2017) (citation omitted). Furthermore, "information about supports children receive can be critical to determining the extent to which their impairments compromise their ability to independently initiate, sustain, and complete activities." *Edwards ex rel. L.T. v. Colvin*, No. 12 C 7639, 2013 WL 3934228, at *10 (N.D. Ill. July 30, 2013) (citation omitted). In this case, the ALJ did in fact consider the support Plaintiff received, and the ALJ further supported her determinations with analyses of instances in which Plaintiff could function *without* help.

Along those lines, the ALJ noted that, with the assistance of a job coach, Plaintiff "has done well with vocational training and working through a school program." (R. 30.) The ALJ further noted that Plaintiff "was discharged from speech and language services in January 2019 due to his demonstrated functional skills." (*Id.*) The ALJ also noted that school records documented that Plaintiff "was very

7

independent; was turning in homework daily" and "he completes schoolwork with minimal reminders." (*Id.*) Additionally, the ALJ noted that Plaintiff was able to "go places independently" and was "able to use his cell phone, including reading, composing, and sending messages to stay in touch with friends." (*Id.*) The ALJ also considered the testimony of Plaintiff's mother that "she must help the claimant with his homework" and Plaintiff "needs several reminders to complete tasks." (*Id.* at 32.) However, the ALJ permissibly discounted that testimony as not consistent with the overall record, explaining that "[w]hile the claimant may need reminders at home to complete chores . . . educational and other records document that he makes good choices at school, completes his schoolwork, stays organized, is neat and clean, and gets along well with others." (*Id.*)

In light of the ALJ's explicit consideration of the support – or lack of support – that Plaintiff requires, the Court finds that Plaintiff's argument for reversal must fail. Furthermore, as Defendant points out, Plaintiff's request for reversal is fundamentally undermined by the fact that "[n]ot a single treating, examining, or reviewing medical provider indicated [Plaintiff's] impairments caused greater limitations than those the ALJ assessed." (Def.'s Memo. at 1.) *See Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018) ("There is no error when there is 'no doctor's opinion contained in the record [that] indicated greater limitations than those found by the ALJ.'") (citation omitted); *Gedatus v. Saul*, 994 F.3d 893, 904 (7th Cir. 2021) ("A fundamental problem is [claimant] offered no opinion from any doctor to set sitting limits, or any other limits, greater than those the ALJ set."). And,

8

ultimately, the Court agrees with Defendant's summation that "the ALJ's reliance on the prior administrative medical findings, the Teacher Questionnaires, [Plaintiff's] consultative examination findings, school records, daily activities, and successful participation in a vocational program, constituted substantial evidence supporting her conclusion that [Plaintiff's] impairments did not functionally equal the listings." (Def.'s Memo. at 9.) The Court must decline Plaintiff's general invitation to reweigh the evidence in relation to the asserted help he received (Pl.'s Memo. at 8-9), as that is an endeavor the Court cannot undertake. *See Gedatus v. Saul*, 994 F.3d at 900.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for summary remand [Doc. No. 15] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is granted.

**SO ORDERED.**     **ENTERED:**

**DATE:    March 24, 2023**    _____
                               **HON. MARIA VALDEZ**
                               **United States Magistrate Judge**

9